NEWMAN, Circuit Judge,
concurring in the result.
I agree with the court that the claims of the Bascom patent are eligible for participation in the system of patents. Thus the case requires remand to the district court, so that the rules and conditions of patenta-bility can be applied to the Bascom claims. However, it has become increasingly apparent, as various factual situations have been brought into Section 101 challenges, that these new litigation opportunities have led to judicial protocols that are time-consuming and usually unnecessary. As this case illustrates, these cumbersome procedures for separate determinations of patent eligibility and patentability have added to the cost and uncertainty of patent-supported commerce, with no balancing benefit.
I write separately to urge a more flexible approach to the determination of patent eligibility, for the two-step protocol for *1353 ascertaining whether a patent is for an “abstract idea” is not always necessary to resolve patent disputes. There is no good reason why the district court should be constrained from determining patentability, instead, of eligibility based on “abstract idea,” when the patentability/validity determination would be dispositive of the dispute.
That is, instead of an initial evidentiary procedure for determination of eligibility at trial and appeal, followed by another cycle of patentability litigation when eligibility is found, initial decision directed to patentability may resolve or moot any issue of eligibility. Initial determination of eligibility often does not resolve patentability, whereas initial determination of pat-entability issues always resolves or moots eligibility.
A

Section 101 deftnes patent-eligible subject matter as any new and useful process, machine, manufacture, or composition of matter

Section 101 states, in broad terms, the subject matter eligible to participate in the system of patents:
35 U.S.C. § 101. Inventions patentable — Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.
Discoveries and inventions that are within the statutory categories are eligible for patenting, upon compliance with the conditions of Title 35. The Court has recognized the breadth of subject matter implemented by Section 101, stating:
In choosing such expansive terms ... modified by the comprehensive “any,” Congress plainly contemplated that the patent laws would be given wide scope.
Diamond v. Chakrabarty, 447 U.S. 303, 308, 100 S.Ct. 2204, 65 L.Ed.2d 144 (1980).
An important aspect of Title 35 is that it discarded the judge-made usage of “invention” and “flash of creative genius,” and replaced it with the statutory standard of unobviousness. “Nowhere in the entire act is there any reference to a requirement of ‘invention’ and the drafters did this deliberately in an effort to free the law and lawyers from bondage to that old and meaningless term.” Giles S. Rich, Principles of Patentability, 28 Geo. Wash. L. Rev. 393, 405 (1960).
On this history, the emphasis on eligibility has led to erratic implementation in the courts. An example is seen in this case, where the district court and this court differ in their view of “inventive concept” for the Bascom patent. I propose returning to the letter of Section 101, where eligibility is recognized for “any new and useful process, machine, manufacture, or composition of matter.” It follows that if any of these classes is claimed so broadly or vaguely or improperly as to be deemed an “abstract idea,” this could be resolved on application of the requirements and conditions of patentability. This determination would avoid resolving an undefined “inventive concept” applied to eligibility.
Although there is concern that broad claims may preempt development by others of improvements and variants of a broad invention, and limiting patentable scope may restrict preemption, it is not the policy of patent law to permit only narrow claims when an inventor has made a new, broad invention. When an invention is new and unobvious and described and enabled, commensurate patent rights are not barred on policy grounds.
B

Patentability v. Eligibility

A new and useful process or machine or manufacture or composition of matter is *1354 not an abstract idea, and if the claims are deemed to be so broad as to be abstract, application of the requirements of patenta-bility is a direct path to resolution of validity disputes. Claims' that are imprecise or that read on prior art or that are unsupported by description or that are not enabled raise questions of patentability, not eligibility.
35 U.S.C. § 112(a) requires a written description in “full, clear, concise, and exact terms,” and § 112(b) requires “claims particularly pointing out and distinctly claiming the subject matter” of the invention. The process, machine, manufacture, or composition of Section 101 must comply with Section 112. Subject matter that complies with Section 112 averts the generality or vagueness or imprecision or over-breadth that characterize abstract ideas. These are conditions of patentability, not of eligibility. The “conditions and requirements of this title” weed out the abstract idea.
The Court recognized that “all inventions at some level embody, use, reflect, rest upon, or apply ... abstract ideas.” Mayo Collaborative Servs. v. Prometheus Labs., Inc., — U.S.-, 132 S.Ct. 1289, 1293, 182 L.Ed.2d 321 (2012). I have come upon no guide to when a claim crosses the boundary between unacceptable abstractness and acceptable specificity. Experience with this aspect demonstrates its imprecision. This conundrum is resolved on application of the criteria of patentability. Nor is this a new observation: “precedent illustrates that pragmatic analysis of section 101 is facilitated by considerations analogous to those of section 102 and 103 as applied to the particular case.” Internet Patents Corp. v. Active Network, Inc., 790 F.3d 1343, 1347 (Fed. Cir. 2015) (referring to the specification and prior art to determine abstractness of claims).
In this case, as the panel majority recites, the district court found that “filtering software, apparently composed of filtering schemes and filtering elements, was well-known in the prior art,” Maj. Op. at 1346-47, 1349, citing BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC, 107 F.Supp.3d 639, 654 (N.D. Tex. 2015). The district court found reason to combine known selective filtration procedures. Id. AT&T argues that these findings, as they relate to patentability, are correct. Bascom states that it did not have a full opportunity to present evidence concerning patenta-bility. Accepting Bascom’s position, remand is appropriate.
C

AT&T’s motion to dismiss

The district court held that “the Court looks at the ‘elements of each claim both individually and ‘as an ordered combination’ to determine whether the additional elements [beyond those that recite the abstract idea of filtering content] ‘transform the nature of the claim’ into a patent-eligible application.’ ” BASCOM, 107 F.Supp.3d at 654. The district court found that the Bascom filtration method was not an “inventive concept” and held that the Bascom claims were not eligible subject matter under Section 101. Id. at 644.
In arguing “inventive concept,” both sides presented arguments that would also be relevant to patentability. These arguments are repeated on this appeal. AT&T, supporting the “abstract idea” position on which it prevailed before the district court, argues that content filtration was a generally known concept, and thus was an “abstract idea” under Alice step one. AT&T argues that the Bascom filtration method is not an “inventive concept” under step two. AT&T also argues that the Bascom claims are invalid under Sections 103 and 112.
*1355 Bascom states that for issues under Sections 103 and 112, additional evidence would be provided, evidence not needed for response to a motion to dismiss for abstractness. We agree that Bascom must be accorded the opportunity to litigate these issues directly, rather than as overflow from the eligibility debate.
On appellate review, I agree with the majority that the Bascom claims contain an “inventive concept” in the claims’ “ordered combination of limitations,” and that this establishes eligibility. In the district court, the only issue that was finally decided is that of eligibility. Thus remand is the appropriate next step. However, I again point to the increased efficiency, and savings in cost and time, by direct resolution of patentability. The Court’s rulings in Alice and Mayo do not require that every broadly claimed patent must be treated in two separate litigation procedures, if charged with abstractness.
While the two-step protocol helps to decide whether a particular claim is “eligible” for patenting, we should clarify the district court’s authority to resolve the issues of patent validity directly. Direct application to the Bascom claims of the law of sections 102, 103, or 112, could have resolved this dispute in one litigation cycle of trial and appeal, instead of the repeated effort now required.
In sum, when evidence of patentability is needed or presented to resolve a challenge to eligibility of claims to a new method or machine or manufacture or composition, the district court and the parties should have the flexibility to resolve patentability at this threshold. If the claims are unpat-entable, any issue of abstractness, however defined, is mooted. And if the subject matter is patentable, it is not an abstract idea. We should clarify that such expediency is an available response to challenges on the ground of “abstract idea.”